# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**
        PLAINTIFF,

vs.                                                 CASE NO. 19-40070-0/05-HLT

**KEVIN HENDERSON (01)**
**KENNETH SHORTER (02),**
    a.k.a. "Ken,"
    a.k.a. "Unc,"
**WAYNE INGRAM (03),**
    a.k.a. "Weezy,"
**QUINTON SHORTER (04),**
    a.k.a. "Q.C.,"
**SHIRLEY MOTON (05),**
    a.k.a. "Auntie Shirley,"
        DEFENDANTS.

## SEALED INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT 1
### CONSPIRACY TO DISTRIBUTE AND
### POSSESS WITH THE INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES

1.    Beginning on a date unknown to the Grand Jury but before July 2016, and continuing to on or about the return of this Indictment, in the District of Kansas and elsewhere, the defendants,

                **KEVIN HENDERSON,**
                **KENNETH SHORTER,**
                **WAYNE INGRAM,**
              **SHIRLEY MOTON, and**
              **QUINTON SHORTER,**

combined, conspired, confederated, and agreed together with each other, and with other persons known and unknown to the Grand Jury, to violate one or more of the following controlled substance laws of the United States, namely:

a. to distribute and possess with the intent to distribute mixtures and substances containing a detectable quantity of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1);

b. to distribute and possess with the intent to distribute mixtures and substances containing a detectable quantity of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1);

2. It is further alleged that the overall scope of the conspiracy involved more than 100 grams of heroin in violation of Title 21, United States Code, Section 841(b)(1)(B);

3. It is further alleged that the overall scope of the conspiracy involved more than 40 grams of fentanyl in violation of Title 21, United States Code, Section 841(b)(1)(B);

4. It is further alleged that the quantities of heroin and fentanyl involved in the overall scope of the conspiracy are attributable to each defendant as a result of his or her own conduct, and the conduct of other conspirators reasonably foreseeable to him or her in violation of Title 21, United States Code, Section 841(b)(1)(B);

5. All the aforementioned conduct in violation of Title 21, United States Code, Section 846, with reference to Title 21, United States Code, Sections 841(b)(1)(B) and Title 18, United States Code, Section 2 -- Aiding and Abetting

## COUNT 2
## POSSESSION OF A FIREARM
## IN FURTHERANCE OF A DRUG TRAFFICKING OFFENSE

6. On or about May 23, 2019, in the District of Kansas, the defendant,

**KENNETH SHORTER,**

did knowingly and intentionally possess a firearm, namely:

**an SCCY, model CPX-2, 9mm caliber pistol, bearing serial number 211879;**

in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances as charged in **Count 1**, above, in violation of Title 18, United States Code, Sections 924 (c)(1)(A) and 924 (c)(1)(B).

## FORFEITURE ALLEGATION

7. The allegations contained in paragraphs 1-6 of this Indictment are hereby re-alleged and incorporated by reference as if fully restated for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

*A. Controlled Substance Forfeitures*

8. Upon conviction for any of the offense in violation of Title 21, United States Code, Sections 846, as set forth in Count 1 of this Indictment, the defendants,

**KEVIN HENDERSON,
KENNETH SHORTER,
WAYNE INGRAM,
SHIRLEY MOTON, and
QUINTON SHORTER,**

shall forfeit to the United States of America any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such offense, and any property used or intended to be used, in any manner or part, to commit or to facilitate

the commission of the offenses. The property to be forfeited includes, but is not limited to, a forfeiture money judgment in the approximate amount of $30,000.00, which amount represents the proceeds derived from the commission of Count 1 of the Indictment for which each defendant is liable as a result of his conduct and the conduct of codefendant reasonably foreseeable to him or her.

### B. Firearm Forfeiture

9. Pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), upon conviction for the offense in violation of Title 18, United States Code, Section 924(C), as set forth in Count 1, the defendant, **KENNETH SHORTER**, shall forfeit to the United States of America any firearms or ammunition used in the commission of the offense in Count 1. The property to be forfeited includes, but is not limited to, **an SCCY, model CPX-2, 9mm caliber pistol, bearing serial number 211879,** and any accompanying ammunition.

### C. Substitute Assets

10. If any of the property described above, as a result of any act or omission of the defendants:

   A. cannot be located upon the exercise of due diligence;

   B. has been transferred or sold to, or deposited with, a third party;

   C. has been placed beyond the jurisdiction of the court;

   D. has been substantially diminished in value; or

   E. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property of

the defendants pursuant to Title 21, United States Code, § 853(p).

**A TRUE BILL.**

August 21, 2019          *s/Foreperson*
DATE          FOREPERSON OF THE GRAND JURY


 Skipper  Jacobs  #26848
for Stephen R. McAllister, #15845
UNITED STATES ATTORNEY
DISTRICT OF KANSAS
444 SE Quincy, Suite 290
Topeka, KS 66683
Phone: (785) 295-2850
Fax: (785) 295-2853
Stephen.mcallister@usdoj.gov

[It is requested that trial be held in Topeka, Kansas.]

5