IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>QUINTON SHORTER, )<br>)<br>Defendant )  | Case No.: 19-40070-HLT |

**<u>DEFENDANT QUINTON SHORTER'S MOTION FOR PRETRIAL RELEASE</u>**

COMES NOW defendant, Quinton Shorter, by and through his attorney, Michael R. Clarke, and respectfully moves the Court, pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3141-3156, to release defendant from custody pending trial.  The defendant believes that there are available to him a set of conditions for pretrial release which will guarantee the safety of the community and eliminate the risk of flight.  In support hereof, defendant states the following:

The defendant has been charged in a multi-count, multi-defendant indictment alleging a drug conspiracy and related crimes.  Defendant has been continuously incarcerated since his arrest in this matter since late August 2019.  This matter is currently not set for trial, but is set for a status conference on January 15, 2020 at 10:30 a.m.  This case has been designated as complex, and the defendant has agreed to waive his right to speedy trial under the Speedy Trial Act and his Constitutional Right to speedy trial.

Originally, the defendant was denied pretrial release because there was a bench warrant for the defendant's arrest out of Riley County, a pending motion to revoke the

1

defendant's probation out of Riley County and lack of an acceptable release plan due to concerns about the defendant's proposed living arrangements.  Since the original decision to detain the defendant there have been significant developments.  First, on October 4, 2019, Riley County withdrew the motion to revoke the defendant's probation and the bench warrant was recalled.  Second, the defendant's health has deteriorated significantly while he's been in custody and as a result he's been in a hospital for over a week under the constant supervision through the Marshals' Office.  Third, Pretrial Services was able to verify that the defendant can reside with his sister and brother-in-law a living situation that will help ensure the defendant appears in court when directed and that the defendant will not endanger the public.  Finally, the government's position has changed and it no longer opposes the defendant's pretrial release.

WHEREFORE, the defense moves the court to grant the defendant pretrial release to live with his sister and brother-in-law under any special conditions proposed by Pretrial Services.

Respectfully submitted,

By: s/ Michael R. Clarke
Michael R. Clarke
KB# 19123
PO Box 3767
Lawrence, KS 66046
(785) 832-2181
(785) 727-1545 fax
Attorney for Defendant
mike@clarke-law.com

3

## Certificate of Service

I hereby certify that on Tuesday, October 8, 2019, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send a notice of electronic filing to the attorneys of record, including Skip Jacobs (Skipper.Jacobs@usdoj.gov) Assistant United States Attorney for the District of Kansas.

                                    By: s/ Michael R. Clarke
                                         Michael R. Clarke
                                         KB# 19123